IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**KYLE STEPHEN CORONEOS**,
an individual doing business as
Saving Country Music
         **Plaintiff**

v.                                   **Civil Case No.**_____

**DELTA MEDIA CORP.**, a          **Judge:**_____
Delaware corporation; and
**ERIK TOBIAS,** an individual      **Magistrate:**_____
         **Defendants**

## VERIFIED COMPLAINT

Plaintiff, Kyle Stephen Coroneos ("Plaintiff"), for his Complaint against Defendants Delta Media Corp ("DMC") and Erik Tobias ("Tobias"), collectively "Defendants", hereby states and alleges as follows:

### THE PARTIES

1. Plaintiff is an individual residing within Travis County, Texas.

2. Defendant DMC is a Delaware corporation having its principal place of business located at 3501 Evangeline Thruway in Carencro, Louisiana, within this judicial district.

3. Upon information and belief, at all time relevant herein, Defendant Tobias was an individual residing within this judicial district; Defendant Tobias is DMC's Director of Operations and Programming.

4. Defendants conduct business in Louisiana and elsewhere under the fictitious business name of a radio station known as Mustang 107.1; Defendant DMC owns at least ten

(10) other radio or television stations through which Defendants conduct business in Louisiana and elsewhere.

5. Defendant Tobias is personally liable for any liability and damages caused by DMC or himself because, among other things, he had the right and ability to supervise the infringing activity, and an obvious and direct financial interest in exploitation of Plaintiff's copyrighted material.

## JURISDICTION AND VENUE

6. This action arises under the copyright and unfair competition laws of the United States, 17 U.S.C. §§ 101, et seq. and 15 U.S.C. §§ 1051, et seq., as amended.

7. This Court has jurisdiction over Plaintiff's unfair competition claims pursuant to 28 U.S.C. §§ 1331 and 1338(b) because these claims are joined with a substantial and related claim under the copyright laws. Further, this Court has supplemental jurisdiction over all pendent state law claims pursuant to 28 U.S.C. § 1367 because such claims are so related to claims in this action within this Court's original jurisdiction that they form part of the same case or controversy.

8. This Court has diversity jurisdiction over all the claims as the amount in controversy exceeds $75,000.00, and Plaintiff and Defendants are of diverse citizenship pursuant to 28 U.S.C. § 1332.

9. Venue is proper pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400 (a).

## COMMON FACTS

10. Plaintiff conducts business on SavingCountryMusic.com, a website devoted to providing readers with original content concerning news in the country music entertainment industry.

11. Plaintiff regularly writes reviews of music albums, and articles featuring newsworthy content (collectively "Works"); Exhibit A hereto is a copy of three (3) representative samples of some of Plaintiff's Works posted on SavingCountryMusic.com ("Saving Country Music").

12. Each of Plaintiff's Works is an original work of authorship, the product of Plaintiff's own creativity, skill, labor and judgment, and is copyrightable under the laws of the United States.

13. Exhibit B hereto is a copy of three (3) of Plaintiff's Copyright Registration Applications for Saving Country Music, including the samples of Works comprising Exhibit A hereto.

14. Plaintiff is currently, and at all times relevant to this Complaint has been, the sole owner of all right, title and interest in and to the Copyrighted Works protected by said three (3) copyright registrations (the "Copyrighted Works").

15. Defendants had actual notice of Plaintiff's copyrights in Plaintiff's Copyrighted Works.

16. Plaintiff is aware that Defendants infringed at least eighty-five (85) of Plaintiff's Copyrighted Works by verbatim copying and by using Plaintiff's Copyrighted Works as

templates for derivative works based thereon (collectively the "Infringing Works"), without Plaintiff's permission.

17. Exhibit C hereto is a copy of three (3) representative samples of Defendants' Infringing Works, that infringe Plaintiff's Copyrighted Works comprising Exhibit A hereto.

18. Each of Defendants' Infringing Works is (or was) displayed to the public in a fashion similar to Plaintiff's Copyrighted Works, on Defendants' competing website at http://www.mustang1071.com.

19. Said website constitutes advertising of Defendant DMC's radio station, which causes injury to Plaintiff.

20. The substantial similarity between each of Defendants' Infringing Works and the corresponding Copyrighted Work of Plaintiff's is likely to deceive potential customers into believing that Defendant DMC's Mustang1071.com is affiliated with or approved by Plaintiff, or otherwise mistakenly believing that Defendants' Infringing Works are authorized, sponsored or endorsed by Plaintiff.

21. Defendants' unauthorized use of Plaintiff's Copyrighted Works undermines Plaintiff's revenues derived from Plaintiff's creation and posting of such Works on SavingCountryMusic.com.

22. Defendant engaged in an unconscionable, false or deceptive act or practice in business in connection with the Infringing Works and Plaintiff's Copyrighted Works by, among other things:

     a.    falsely representing or implying that the Infringing Works are sponsored or approved by Plaintiff; and

     b.    falsely representing or implying that Defendant and Plaintiff are affiliated, connected and/or associated.

## COUNT I - COPYRIGHT INFRINGEMENT

23.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 22 of this Verified Complaint, as though fully set forth herein.

24.    Defendant's misconduct alleged herein constitutes copyright infringement under 17 U.S.C. §501.

25.    Upon information and belief, the misconduct of Defendants alleged herein has been committed intentionally, with knowledge of Plaintiff's rights, willfully and in deliberate disregard of Plaintiff's rights.

26.    Defendants' continued misconduct alleged herein threatens imminent irreparable harm to Plaintiff.

27.    As a direct and proximate result of the misconduct of Defendants alleged herein, Plaintiff has suffered and will continue to suffer irreparable harm for which he cannot be adequately compensated by money damages, entitling Plaintiff to permanent injunctive relief enjoining Defendant from continuing the misconduct alleged herein.

28.    As a direct and proximate result of the misconduct of Defendants alleged herein, Plaintiff is entitled to recover from Defendants (a) actual damages, (b) all gains and profits realized by Defendants as a result of the infringing misconduct, (c) statutory damages, increased to $150,000 per work infringed for Defendants' willful infringement, (d) all costs and expenses

5

incurred by Plaintiff in this action, including reasonable attorney fees, and (e) and accounting of all gains and profits realized by Defendants as a result of misconduct alleged herein.

## COUNT II - FEDERAL UNFAIR COMPETITION

29. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 22 of this Verified Complaint as though fully set forth herein.

30. Defendant's misconduct alleged herein constitutes unfair competition under §43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by making false designations of Plaintiff's Copyrighted Work as Defendants' own for a commercial purpose.

31. Upon information and belief, the misconduct of Defendant alleged herein has been committed intentionally, with knowledge of Plaintiff's rights, willfully and in deliberate disregard of Plaintiff's rights.

32. As a direct and proximate result of the misconduct of Defendants alleged herein, Plaintiff has suffered and will continue to suffer irreparable harm for which he cannot be adequately compensated by money damages, entitling Plaintiff to permanent injunctive relief enjoining Defendants from continuing the misconduct alleged herein.

33. As a direct and proximate result of the misconduct of Defendants alleged herein, Plaintiff has suffered and will continue to suffer general and special damages including, but not limited to, damage to Plaintiff's business and reputation, resulting in the loss of earnings and profits in an amount to be proven at trial.

34. As a direct and proximate result of the misconduct of Defendants alleged herein, Plaintiff is entitled to recover from Defendants (a) actual damages, (b) all gains and profits realized by Defendant as a result of its infringing misconduct, (c) all costs and expenses incurred by Plaintiff in this action, including reasonable attorney fees, and (d) and accounting of all gains and profits realized by Defendants as a result of the misconduct alleged herein.

## COUNT III – STATE LAW UNFAIR COMPETITION

35. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 22 of this Verified Complaint, as though fully set forth herein.

36. Defendants' misconduct alleged herein constitutes unfair competition under Louisiana and/or Texas law, including but not limited to the Louisiana Unfair Trade Practices Act.

37. The misconduct of Defendants alleged herein misappropriates Plaintiff's goodwill.

38. As a direct and proximate result of the misconduct of Defendants alleged herein, Plaintiff has suffered and will continue to suffer irreparable harm for which he cannot be adequately compensated by money damages, entitling Plaintiff to permanent injunctive relief enjoining Defendants from continuing the misconduct alleged herein.

39. As a direct and proximate result of the misconduct of Defendant alleged herein, Plaintiff has suffered and will continue to suffer general and special damages including, but not limited to, damage to Plaintiff's business and reputation, resulting in the loss of earnings and profits in an amount to be proven at trial.

40. As a result of the unfair competition alleged herein, Plaintiff is entitled to recover from Defendants (a) actual damages realized by Plaintiff; (b) any gains, profits and/or advantages realized by Defendants; and (c) all costs and expenses, including reasonable attorney fees incurred by the Plaintiff in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a jury trial and prays for judgment against Defendants as follows:

(a) for a permanent injunction against Defendants and each's agents, servants, representatives, employees, attorneys, related companies, partners, successors, predecessors,

assigns, and all persons acting for, with, by, through, or under them, and each of them, restraining and enjoining them from directly or indirectly engaging in any further misconduct in connection with Plaintiff's Copyrighted Works or any derivative thereof, and/or enjoining said Defendants from continuing to reproduce, display, offer for sale, sell, distribute, license, lease or otherwise transfer any interest in any work substantially or confusingly similar to any of Plaintiff's Copyrighted Works or any work derived therefrom;

(b)     for an award of damages in an amount to be proven at trial, but in no event less than $150,000.00 per Work infringed, consisting of: (1) the statutory and/or actual damages sustained by Plaintiff as a result of Defendants' misconduct, together with all gains, profits or advantages realized by Defendants as a result of their unlawful and infringing acts; and (2) punitive damages in an amount sufficient to punish Defendants for each's willful and wanton violations of law;

(d)     for all costs and expenses of this action, including reasonable attorney's fees incurred by Plaintiff in this action;

(e)     for prejudgment and post-judgment interest at the maximum legal rate; and

(f)     for such other and further relief as the Court may deem proper.

Respectfully submitted,

CALHOUN LAW FIRM
P.O. Box 251504
Little Rock, AR 72225
Telephone: 501-374-1700
Fax to: 501-801-1193
Joe.Calhoun@CalhounLawFirm.com

/s/_____
Joe D. Calhoun (Ark. Bar No. 85021)(T.A.)
*Pro hac vice pending*
**Attorneys for Plaintiff**

_____
ANDREA ALBRIGHT CRAWFORD (#32314)
   SCOFIELD, GERARD, POHORELSKY,
GALLAUGHER & LANDRY
901 Lakeshore Drive, Suite 900 (70601)
P. O. Drawer 3028
Lake Charles, LA 70602-3028
337-433-9436
337-436-0306 (Facsimile)

## VERIFICATION

STATE OF TEXAS

COUNTY OF TRAVIS

    I, Kyle Stephen Coroneos, having personally reviewed the allegations contained in the above stated Complaint, do hereby verify under oath that the allegations contained in the foregoing Verified Complaint are, to the best of my knowledge, information and belief, true and correct.

                                                                   _____
                                                                   Kyle Stephen Coroneos